## George Moore, jun. *against* Abraham Witmer, sen.

An appeal from the Circuit Court will be received, though the record be not filed until the first day of the term, after the court have risen, if reasonable efforts have been made to file it in due time.

Mr. M'KEAN in the afternoon of the first day of the term, moved, that the appeal in this cause from the decision of the last Circuit Court for Lancaster county, in April last, wherein the motion for a new trial made on the part of the plaintiff, was overruled, should be received. It was grounded on his own affidavit, that on the Saturday preceding, he had received the record of all the proceedings by the mail from Lancaster, and had immediately sent the same to the office of the prothonotary of this court, in order to be filed as the law directs, but no person was found therein, the office being locked, and the Court of *Nisi Prius* then adjourned.

Mr. Ingersoll for the defendant, objected to the receipt of the appeal. The circuit law of 20th March 1799, 4 St. Laws, 364, § 4, directs that " the record shall be filed with the prothonotary " of the Supreme Court before the next term ; and in failure " thereof, judgment shall be confirmed, and execution awarded " in the same manner, as if such appeal had not been made." The words of the act are imperative on the court, and leave them no latitude of construction. *Before* the term, cannot possibly mean, *after* the term has commenced. The legislature meant to guard against delay. The whole term is in law but one day. But even admitting that the proceedings might be filed in the office on the first day of the term, before the court opened, why was it not done in this instance ? Here has been gross laches, in delaying the transmission of the record from the month of April last.

Mr. M'Kean, *e contra*. The plaintiff has been guilty of no neglect. His intentions of appealing were made known at the *circuit, and the certificate of his counsel was then sub-  [*235 scribed. He early applied for the copy of the proceed- ings, but he could not immediately obtain it, from the press of business. The record came down in due time before the term. It was not his fault that he could not file it ; he made use of due efforts for that purpose. A writ returnable to a term, may be served, on the whole of the first day of the court. A mortgage brought into the recorder's office, is considered as recorded on the day it is lodged there. But the court have adopted a practical construction of the law. In Ebenezer Griffith, esq. *v.* Alexander Ogle and Peter Kimmel, an appeal from Somerset

[Edwards *v.* Barr's Ex'r.]

county, was filed on the 6th December 1802, after the court met, on the first day of the term, on full argument.

SMITH, J. That cause was tried before me in the Circuit Court. The appeal was received on the ground of consent, between the counsel at Somerset.

*Per Cur.* The circumstances disclosed to us in the principal case, amount to an equitable compliance with the injunctions of the Circuit Court law. It would be unreasonable to reject the appeal, because none of the clerks were in the prothonotary's office on Saturday afternoon, to receive the record.

Appeal received.